**LIU WEN, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

**No. 08–4638.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Dec. 8, 2009.

Opinion filed: Dec. 17, 2009.

Liu Wen, Quincy, MA, Liu Yu, Esq., New York, NY, for Petitioner.

Jacob A. Bashyrov, Esq., Robbin K. Blaya, Esq., Achiezer Guggenheim, Esq., Thomas W. Hussey, Esq., United States Department of Justice Office of Immigration Litigation, Ben Franklin Station, Washington, DC, Michael B. Mukasey, Esq., Debevoise & Plimpton, New York, NY, for Respondent.

Before: MCKEE, HARDIMAN and COWEN, Circuit Judges.

## OPINION

PER CURIAM.

Liu Wen, a Chinese native and citizen, petitions for review of a final order of the Board of Immigration Appeals ("BIA") affirming the denial by the Immigration Judge ("IJ") of Wen's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We will deny the petition for review.

Before the IJ, Wen testified that he had suffered past persecution and feared future persecution by the Chinese government as a practitioner of Falun Gong. Wen testified that he began practicing Falun Gong in December 2004 after his uncle introduced him to the practice. A.R. 100. He started by going to gatherings with his uncle in August 2004, but started practicing himself in December, once or twice a week. A.R. 106. He was arrested in February 2005 with seven or eight people, and taken to the police station. *Id.* He was locked up for a bit over 20 days, during which time he was interrogated and beaten nearly every day. He was released when his parents paid the bail. He was then required to report every Monday, and was occasionally smacked when he did not answer questions about whether he was still practicing. A.R. 108–09. Wen testified that he practiced Falun Gong in the United States once a week in Chinatown, but he was not aware of the address. A.R. 110. He also distributed flyers about Falun Gong in Chinatown about once a week. A.R. 114–15.

On cross-examination, Wen stated that when he was arrested in China, he was in the home of another Falun Gong practitioner by the name of Lin, Zhen Hui. A.R. 116. Wen also mentioned in testimony the names of others who were arrested with him. A.R. 117. Wen noted that his parents told him that the police had been coming to his home in China a few times a month looking for him, but acknowledged that neither his statement in support of his asylum application nor the letters he submitted from his father and uncle said anything about the police looking for him after he left China. A.R. 123–25. Wen also acknowledged that those documents did not mention anything about Wen being hit when he reported to police on Mondays.

*Id.* Wen stated that he also practiced Falun Gong at his home in New Jersey and that his roommate was aware of his practice. A.R. 125–26. His roommate took the submitted picture of Wen practicing Falun Gong in Chinatown. A.R. 128. Wen acknowledged that he had not submitted a letter from his roommate attesting to his practice, as his roommate, who lacks immigration status, was afraid to write one. A.R. 126. Wen stated that he did not know the names of the people he practiced Falun Gong with in Chinatown, and that despite the fact he had been practicing once a week since April 2005, he had made no friends among them. A.R. 127–28. Wen acknowledged that when he was arrested at the U.S. border, he told the agents he was afraid of returning to China because he had been smuggled out, but did not mention his Falun Gong practice. A.R. 129–31.

The IJ found Wen's testimony not credible and also found that Wen failed to provide adequate corroborating evidence to support his application. Specifically, the IJ faulted Wen for failing to provide a letter or affidavit from his roommate in the United States who was aware of his Falun Gong practice. The IJ also noted that Wen could have tried to get corroboration from the owner of the house where he was arrested. The IJ based his adverse credibility finding on "significant omissions," namely, the fact that neither his father's letter nor his asylum application said anything about Wen being harmed when he reported to police following his detention, nor about police looking for him. The IJ also took notice that Wen had failed to mention to border officials that he feared returning to China because of his Falun Gong practice. Wen appealed to the BIA which adopted and affirmed the IJ's decision.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We uphold the BIA's determinations if they are supported by reasonable, substantial and probative evidence on the record considered as a whole. *Yusupov v. Att'y Gen.*, 518 F.3d 185, 197 (3d Cir.2008). Under the substantial evidence standard, "the BIA's finding must be upheld unless the evidence not only supports a contrary conclusion, but compels it." *Abdille v. Ashcroft*, 242 F.3d 477, 483–84 (3d Cir.2001) (*citing INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). Where the BIA substantially adopts the findings of the IJ, we review the decisions of both the IJ and the BIA. *He Chun Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir.2004).

To be granted asylum, Wen must show that he is "unable or unwilling to return to [China] ... because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *see also* 8 U.S.C. § 1158(b)(1)(A). To be eligible for withholding of removal, Wen must demonstrate that "there is a greater-than-fifty-percent chance of persecution" in China based on one of these protected grounds. *Senathirajah v. INS*, 157 F.3d 210, 215 (3d Cir. 1998); *see also* 8 U.S.C. § 1231(b)(3)(A), (C). For relief under the CAT, Wen must demonstrate that it is more likely than not that he would be tortured if removed to China. *See* 8 C.F.R. § 208.16(c)(2).

■ The BIA's finding that Wen's testimony was not credible is supported by substantial evidence. *See Sukwanputra v. Gonzales*, 434 F.3d 627, 636 (3d Cir.2006) (an adverse credibility determination is appropriately based on inconsistent statements and contradictory evidence). The BIA, in upholding the IJ's credibility determination, relied in part on inconsistencies between Wen's initial interview with an immigration officer and his testimony before the IJ. In that statement, Wen told

the immigration officer that he was afraid of returning to China because he had been smuggled out, but did not mention his Falun Gong practice. While we have counseled against placing too much weight on a petitioner's interview with immigration authorities at the point of entry, *see He Chun Chen,* 376 F.3d at 223–24, Wen's statement does not appear to have the type of defects which make such statements unreliable. *See Balasubramanrim v. I.N.S.,* 143 F.3d 157, 163 (3d Cir.1998) (airport statement unreliable where immigrant did not have translator and the interview was not accurately recorded). In any event, the IJ pointed to other reasons for finding Wen's testimony incredible, including omissions about what happened to him when he reported to the police and whether police were looking for him. Therefore, there is substantial evidence to support the IJ's adverse credibility determination.

The IJ and the BIA also faulted Wen for failing to provide corroborating evidence to support his testimony. The BIA's rule regarding corroborating evidence contemplates a three-part inquiry: "1) identification of the facts for which it is reasonable to expect corroboration; 2) an inquiry as to whether the applicant has provided information corroborating the relevant facts; and, if [he] has not, 3) an analysis of whether the applicant has adequately explained [his] failure to do so." *Abdulai v. Ashcroft,* 239 F.3d 542, 554 (3d Cir.2001) (citation and quotation omitted).[1] Here, the IJ found it significant that Wen failed to provide a statement corroborating his practice of Falun Gong from his roommate. Although Wen's roommate may have been afraid to appear at the hearing in person,

it was not unreasonable for the IJ and the BIA to expect Wen to provide a letter or affidavit from his roommate or from someone else in the United States who was aware of Wen's Falun Gong practice here. Therefore, substantial evidence supports the IJ and the BIA's finding that Wen failed to provide sufficient corroborating evidence to support his testimony.

■ Because Wen cannot satisfy the standard for asylum, he cannot satisfy the higher burden of proof for withholding of removal. *Janusiak v. INS,* 947 F.2d 46, 47 (3d Cir.1991). Nor does the record show that Wen would likely be tortured by or with the acquiescence of a Chinese official. Therefore, he is not eligible for protection under the CAT. *Pierre v. Att'y Gen.,* 528 F.3d 180, 190 (3d Cir.2008) (en banc). For the foregoing reasons, we will deny the petition for review.

---

1. The REAL ID Act of 2005, which applies here since Wen filed his application after May 11, 2005, instructs courts to defer to the trier of fact's determination on corroborating evidence. *Chukwu v. Att'y Gen.,* 484 F.3d 185, 192 (3d Cir.2007). The REAL ID Act, however, does not change our rules regarding the IJ's duty to develop the applicant's testimony in accordance with the *Abdulai* steps. *Id.*